United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DARIAM ROGELIO PEREZ MARTINEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-02230 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

### ORDER

Petitioner Dariam Rogelio Perez Martinez filed a petition for writ of *habeas corpus* under 28 USC §2241 on March 20, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Immigration and Nationality Act, (ii) the Due Process Clause of the Fifth Amendment, and (iii) the declaratory judgment entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal). Id at ¶¶49–61.

The Fifth Circuit has now issued a controlling decision with respect to the lawfulness of detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

Since that ruling, the undersigned has also determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate

of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. See *Penafiel Clavijo v Thompson*, 4:26-cv-01454 (SD Tex, Mar 26, 2026).

The undersigned has also determined that the order entered in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal), purporting to certify a nationwide class, far exceeded the jurisdiction of the Central District of California. See *Sanchez-Sanchez*, 4:26-cv-00144, Dkt 7 at 2, adopting reasoning of *Calderon Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J). The *Bautista* order also remains on appeal in the Ninth Circuit, which recently "temporarily stayed" the judgment "insofar as [it] extends beyond the Central District of California." See *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 5. It thus cannot have preclusive effect here. In any event, a district court isn't bound by another district court's ruling. *See Camreta v Greene*, 563 US 692, 709 n 7 (2011). This is particularly true in the present circumstances, where the Fifth Circuit has now decided the same issue contrary to the Central District of California. See *Buenrostro-Mendez*, 166 F4th at 501–08.

Such rulings may foreclose all issues in the present petition. That said, Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by April 7, 2026, absent extension.

Petitioner may file any reply by April 10, 2026.

Hearing will be set if determined necessary after briefing closes.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

2

SO ORDERED.

Signed on March 31, 2026, at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge